**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00027-MR-DLH**

| | |
|---|---|
| **RONALD HUGH HUTTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **O R D E R** |
| ) | |
| ) | |
| **U.S. DEPARTMENT OF VETERANS** ) | |
| **AFFAIRS,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's letter [Doc. 2], which the Court construes as a motion to seal, and the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 3]. The Court will grant both the Plaintiff's motion to seal and his application to proceed without prepaying fees or costs, but will *sua sponte* dismiss the action as frivolous.

Because the Plaintiff, who is proceeding *pro se*, seeks to proceed *in forma pauperis*, the Court must examine the pleadings to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or malicious and states a claim upon which relief can be granted. See 28

U.S.C. § 1915(e)(2)(B)(i) and (ii); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners"). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The Fourth Circuit has offered the following guidance to a court tasked with determining whether a complaint is frivolous under § 1915(e):

> The district court need not look beyond the complaint's allegations in making such a determination. It must, however, hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally. Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious.

White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989). While the complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including such claims that describe "fantastic or delusional scenarios." Neitzke, 490 U.S. at 327, 328.

The Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to have the United States Department of Veterans Affairs ("VA") remove his disabled

label and remove the information about his disability from the VA's database. [Doc. 1].

The Plaintiff has brought numerous other lawsuits in this Court, as well as in the United States District Court for the Eastern District of North Carolina and the United States District Court for the Middle District of North Carolina, requesting the same relief. In each instance, the Plaintiff's claims were dismissed. See Hutton v. U.S. Dep't of Veterans Affairs, No. 3:17-cv-00606-RJC-DSC (W.D.N.C. Nov. 9, 2017); Hutton v. U.S. Dep't of Veterans Affairs, No. 3:17-cv-00488-RJC-DSC (W.D.N.C. Sept. 1, 2017); Hutton v. U.S. Dep't of Veterans Affairs, No. 1:16-cv-00245-MR-DLH, 2017 WL 2060006 (W.D.N.C. Apr. 24, 2017), memorandum and recommendation adopted by 2017 WL 2059670 (W.D.N.C. May 12, 2017); Hutton v. U.S. Dep't of Veterans Affairs, No. 5:15-CV-00009-FL, 2015 WL 1851406 (E.D.N.C. Jan. 26, 2015); Hutton v. U.S. Dep't Veterans Affairs, No. 5:13-CV-417-FL, 2014 WL 2112673 (E.D.N.C. Apr. 4, 2014); Hutton v. U.S. Dep't of Veterans Affairs, No. 1:12-cv-00190, 2013 WL 1331191 (M.D.N.C. Mar. 29, 2013). For the reasons previously stated by all of these decisions, the claims asserted by the Plaintiff in this action are frivolous. When a Court determines upon a § 1915(e) review that a complaint is factually or legally baseless, the Court must dismiss the case. See Neitzke, 490 U.S. at 328; White, 886 F.2d at

724. It is the intent of Congress that such dismissals occur prior to service of the complaint on defendants. Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996). As such, the Court will dismiss this civil action.

As a result of Plaintiff's continued filing of duplicative, frivolous claims, the United States District Court for the Eastern District of North Carolina imposed a pre-filing injunction prohibiting the Plaintiff from filing any motion or lawsuit against the VA in the Eastern District. See Hutton v. U.S. Dep't Veterans Affairs, No. 5:15-CV-0009-FL, 2015 WL 1851413, at *2 (E.D.N.C. Apr. 22, 2015). In recommending the dismissal of one of the Plaintiff's actions recently filed in this District, United States Magistrate Judge Dennis Howell cautioned the Plaintiff as follows:

> The Court **INSTRUCTS** Plaintiff that future frivolous filings in this Court will result in the imposition of a pre-filing review system similar to the one imposed by the Eastern District. See Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004); Vestal v. Clinton, 106 F.3d 553, 555 (4th Cir. 1997). If such a system is placed in effect, the Court will summarily dismiss as frivolous future pleadings filed in this District that lack substance or that are not filed in good faith. See Foley v. Fix, 106 F.3d 556, 558 (4th Cir. 1997). If Plaintiff continues to file the same frivolous pleading in this Court, as he has now done in three district courts, the Court may modify the pre-filing system to include an injunction from filings. See In re Martin–Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984).

Hutton, 2017 WL 2060006, at *4 (emphasis in original).  A pre-filing review system is not a sanction which is imposed lightly.  The Court "should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions."  Cromer, 390 F.3d at 818 (internal quotation marks and citation omitted).  In determining whether to impose a limitation on a litigant's access to the courts, the following factors should be considered: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions."  Id.  "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties."  Vandyke v. Francis, No. 1:12-CV-128-RJC, 2012 WL 2576746, at *2 (W.D.N.C. July 3, 2012) (quoting Black v. New Jersey, No. 7:10-CV-57-F, 2011 WL 102727, at *1 (E.D.N.C. Jan. 11, 2011)).

Applying these factors to the present case, the Court concludes that the imposition of a pre-filing review is warranted.  The Plaintiff has made a series of frivolous and vexatious filings in three separate districts.  Despite a

multitude of past orders clearly explaining the baselessness of the Plaintiff's

filings, the Plaintiff continues to file his meritless pleadings. These filings are

burdensome on the Court, as they have caused the Court to expend

considerable time and resources in addressing them. In light of these

circumstances, the Court concludes that the Plaintiff will continue his abusive

behavior if he is not subjected to a pre-filing review system.

Before imposing a pre-filing limitation, the Court must offer a litigant

the opportunity to explain why the Court should not impose such a pre-filing

review system upon all future filings from him. See Vandyke, 2012 WL

2576746, at *3. In the event that the Plaintiff fails to articulate a reason why

such a system should not be imposed, the Court will enter an Order directing

that all documents submitted by the Plaintiff in the future will be pre-screened

by the Court for content. Any proposed filings that are not made in good faith

or which lack substance or merit will be returned to the Plaintiff without further

explanation. Such a review system "will allow Plaintiff to have access to the

Courts for his legitimate concerns, but will prevent him from usurping the

Court's resources with his baseless submissions." Id. at *3.

Finally, the Plaintiff has moved to place his "initial filing" under seal.

[Doc. 2]. The Plaintiff does not clearly identify which of the multiple

documents he filed as his "initial filing" he wishes to be placed under seal.

He further fails to cite any basis for sealing these materials. Upon careful review of the Plaintiff's submissions, the Court finds that the Plaintiff's "Statement of Claim" submitted in support of his Complaint [Doc. 1-1] and the Plaintiff's Application [Doc. 3] should both be placed under seal, as both documents contain sensitive personal information about the Plaintiff which should be protected from public disclosure. The remaining documents filed by the Plaintiff do not contain the same type of sensitive information and therefore will remain unsealed.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 3] is **ALLOWED**;

(2) Plaintiff's letter [Doc. 2], which the Court construes as a motion to seal Plaintiff's motion to seal, is **GRANTED IN PART** and **DENIED IN PART**, and the Plaintiff's "Statement of Claim" submitted in support of his Complaint [Doc. 1-1] and the Plaintiff's Application [Doc. 3] shall be placed under permanent seal; and

(3) This action is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e).

**IT IS FURTHER ORDERED** that, within fourteen (14) days of the entry of this Order, the Plaintiff shall file a single document, not to exceed three (3)

pages, succinctly explaining why he believes the Court should not impose the above-described pre-filing review system. **The Plaintiff is expressly warned that his failure to fully comply with this directive will result in the Court's imposition of the subject pre-filing review system.**

**IT IS SO ORDERED.**

Signed: February 16, 2018

Martin Reidinger
United States District Judge